**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EDGAR GREGORIO TOBIO MORA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-445-G** |
| | ) | |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

# ORDER

On March 9, 2026, Petitioner Edgar Gregorio Tobio Mora initiated this proceeding for habeas corpus relief, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Chris M. Stephens for preliminary review. Certain Respondents[1] filed an Answer (Doc. No. 14) to the Amended Petition (Doc. No. 10), and Petitioner filed a Reply (Doc. No. 15).

On April 27, 2026, Judge Stephens issued a Report and Recommendation ("R. & R.," Doc. No. 17), recommending that the Petition be granted in part and Petitioner be granted an individualized bond hearing before an Immigration Judge. Respondents filed an Objection (Doc. No. 18), to which Petitioner responded (Doc. No. 20).

---

[1] The appearing respondents are: Markwayne Mullin, U.S. Secretary of Homeland Security; David Venturella, Acting Director of ICE; and Robert Cerna, ICE Dallas Office Director of Enforcement and Removal.

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objection has been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

*I. Background and Petitioner's Allegations*

Petitioner is a Venezuelan national who entered the United States on or about October 2, 2022. R. & R. at 2. He was apprehended by ICE and then released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id.* Petitioner's parole expired on December 2, 2022. *Id.* Petitioner alleges that he has a pending asylum application and has complied with immigration requirements. *Id.*; *see* Am. Pet. at 7-8.

On October 21, 2025, Petitioner was re-detained during a scheduled ICE check-in. R. & R. at 2. On November 4, 2025, ICE placed Petitioner into removal proceedings. *Id.* at 2-3. An Immigration Judge denied Petitioner's request for release on bond pursuant to *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), in which the Board of Immigration Appeals held that, under 8 U.S.C. § 1225(b)(2)(A), noncitizens who entered the country without admission or parole are ineligible for a bond hearing. *See* R. & R. at 3; Doc. No. 14-4.[2]

Petitioner remains in ICE custody at Diamondback Correctional Facility in Watonga, Oklahoma. Am. Pet. at 1; R. & R. at 3. In his pleading, Petitioner argues that

[2] *In re Yajure Hurtado* is not binding on this Court. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the [Administrative Procedure Act] may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

his arrest and ongoing detention violate the Immigration and Nationality Act ("INA"), his due process rights, and the Eighth Amendment. *See* Am. Pet. at 7-8; R. & R. at 3-4 & n.4.

*II. The Report and Recommendation*

Judge Stephens determined in relevant part that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 5-20. Accordingly, Judge Maxfield concluded that Petitioner is entitled to relief on his INA claim in the form of an individualized bond hearing under 8 U.S.C. § 1226(a). *See id.*

Respondents object that the R. & R. erroneously concluded that § 1225(b)(2)(A) did not apply to Petitioner by failing to deem Petitioner an "applicant for admission" "seeking admission" under that statute. Resp'ts' Obj. at 9-37 (citing 8 U.S.C. § 1225(b)(2)(A)).

Following the issuance of the R. & R. and the submission of Respondents' Objection, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' objection is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Am. Pet. at 1; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in

*Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Am. Pet. at 2, 7-8. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51; *see also Bello Rodriguez v. Diamondback Installation Dir.*, No. CIV-26-1188-D, 2026 WL 2364679, at *1-2 (W.D. Okla. Aug. 14, 2026).[3] Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[4]

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 17) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 10) is GRANTED as to Petitioner's INA claim.

---

[3] Respondents also object that the termination of Petitioner's parole renders him subject to mandatory detention under § 1225(b)(1). *See* Resp'ts' Obj. at 34-37. In accordance with multiple judges of this Court, and "many others . . . nationwide," the undersigned rejects this argument and "recognize[s]" that "parole under 8 U.S.C. § 1182(d)(5) does not, by itself, revert Petitioner's status back to that of an arriving alien." *Shamyrzaev v. Gantt*, No. CIV-26-1118-J, 2026 WL 2447156, at *2 (W.D. Okla. Aug. 20, 2026); *Bello Rodriguez*, 2026 WL 2364679, at *1 (internal quotation marks omitted); *accord Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026).

[4] Because the Court finds that habeas relief is warranted on this basis, the Court need not address Petitioner's remaining claims. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.
3. Petitioner's remaining claims for relief are DISMISSED without prejudice.
4. Petitioner's pending Motions (Doc. Nos. 2, 3, 4, 5, 24, 25) are DENIED AS MOOT.
5. The Motion to Withdraw Cedric Bond as counsel for Respondents (Doc. No. 22) is GRANTED.
6. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.
7. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 30th day of October, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge